UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARRELL JONES,**

    **Plaintiff,**

v.                                                                            **Case No. 8:11-cv-435-T-30TBM**

**BONEFISH GRILL (OSI),**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Upon review of the Plaintiff's Affidavit of Indigency (Doc. 2), I find that the Plaintiff has failed to substantiate that he cannot afford to pay the fees associated with his lawsuit. Here, Plaintiff's Affidavit of Indigency reveals that his monthly gross income is $3,750.00 and

he has monthly expenses of approximately $2,235.00.  Plaintiff also owns a home with an estimated value of $190,000 and has $45,000.00 in equity.  He also owns a Dodge Ram 1500 with an estimated present value $2,000.00.  And, Plaintiff has $650.00 in the bank.  While I recognize that Plaintiff may have additional, undocumented expenses involving the care of two children,[1] I am constrained to conclude that Plaintiff is not indigent.  *See Visconti v. Astrue*, No. 3:08-cv-430-J-33MRC, 2008 WL 2385517, *1 (M.D. Fla. 2008) (stating that *in forma pauperis* status should be bestowed only upon those that are truly indigent).

Plaintiff's Complaint is also problematic.  *See* (Docs. 1, 4).  In his Complaint, Plaintiff alleges claims for discrimination relating to a promotion and retaliation.  (Doc. 1).  However, Plaintiff does not allege the legal bases for his suit.  Nor does he allege any facts in support of his claims or attach his charge of discrimination to the Complaint.

Accordingly, it is RECOMMENDED that the court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and direct him to pay the requisite filing fee to the Clerk with fourteen (14) days.  It is RECOMMENDED further that the court direct Plaintiff to submit an Amended Complaint that includes "a short and plain statement of the claim showing that [he] is entitled to relief" in compliance with Rule 8 of the Federal Rules of Civil Procedure.

                                           Respectfully submitted on this
                                           24th day of March 2011.

                                           THOMAS B. McCOUN III
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff fails to document his marital status.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Counsel of record